UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRAHAM CAMPOS, EDER GORDILLO, PAULINO CARPINTERO, SAMUEL HERRERA, YONI DE LOS SANTOS, SEGUNDO CALLE, JENARO CAMPOVERDE, PELLUMB KATANOLLI, CESAR SUPACELA, NICOLAS ZHAGNAY, CRISTIAN ASITIMBAY, MARIO ASITIMBAY, EDUARDO YUNGA, VLADIMIR YUNGA, DIEGO A. ESTRADA, VICTOR GONZALEZ, MILTON QUIZHPILEMA, FELIPE VEGA-LOYOLA, EDISON MACANCELA, and BRYAN MACANCELA,<br><br>    Plaintiffs,<br><br>    v.<br><br>BESIM KUKAJ, SP REALTY INVESTMENTS LLC, and DIAMOND GLOBAL MANAGEMENT LLC,<br><br>    Defendants. | No. 22 Civ. 5993<br><br>**ANCILLARY COMPLAINT**<br><br>**Related cases:**<br><br>1:18-cv-04036 (JGK) (KHP)<br><br>1:18-cv-07507 (JGK) (KHP) |

Plaintiffs Abraham Campos, Eder Gordillo, Paulino Carpintero, Samuel Herrera, Yoni De Los Santos, Segundo Calle, Jenaro Campoverde, Pellumb Katanolli, Cesar Supacela, Nicolas Zhagnay, Cristian Asitimbay, Mario Asitimbay, Eduardo Yunga, Vladimir Yunga, Diego A. Estrada, Victor Gonzalez, Milton Quizhpilema, Felipe Vega-Loyola, Edison Macancela and Bryan Macancela ("Plaintiffs"), by their attorneys Pollock Cohen LLP, as and for their ancillary complaint against Defendants Besim Kukaj, SP Realty Investments LLC, and Diamond Global Management LLC, allege upon information and belief as follows:

NATURE OF THE ACTION

    1.    This is an ancillary proceeding brought pursuant to Rule 69 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 69, and relying on the New York Debtor and

Creditor Law, N.Y. Debt. & Cred. Law §§ 273, 276, to enforce a judgment obtained by Plaintiffs against their former employer, Defendant Besim Kukaj, for unpaid wages and other labor violations. Specifically, this proceeding seeks to unwind the fraudulent conveyance of real property owned by Mr. Kukaj to a limited liability company that was registered by his wife, and upon which the unsatisfied judgment should be executed.

## PARTIES

2. Plaintiffs are former restaurant employees who obtained a judgment against their former employer, Besim Kukaj, for violations of the Fair Labor Standards Act and New York Labor Law.

3. Defendant Besim Kukaj is a natural person who, upon information and belief, resides at 2 Bittersweet Lane, Mendham Twp, New Jersey, and against whom this Court entered a judgment in favor of Plaintiffs, on which not a single dollar has been paid.

4. Defendant SP Realty Investments LLC is a New Jersey corporation registered by the wife of Besim Kukaj at 1401 44th Street in North Bergen, New Jersey.

5. Defendant Diamond Global Management LLC is a New York corporation registered at 38 Brookside Loop in Staten Island, New York.

## JURISDICTION AND VENUE

6. This proceeding falls within the Court's ancillary jurisdiction to enforce a prior judgement pursuant to Fed. R. Civ. P. 69. Venue is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims herein occurred in the Southern District of New York.

FACTS

7. On May 4, 2018, Plaintiff Abraham Campos and others filed a putative class and collective action complaint for unpaid wages and other violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law §§ 650 *et seq.* against Defendant Besim Kukaj and various restaurant entities that were under his ownership and control. A second action was subsequently filed by a separate group of Plaintiffs on August 20, 2018, and the two cases were eventually consolidated.

8. A detailed history of all relevant prior proceedings can be found in the Report and Recommendation filed by Magistrate Judge Katharine H. Parker (ECF No. 156) in *Campos et al v. BKUK 3 Corp. et al,* No. 1:18 Civ. 04036 (JGK) (KHP), 2021 WL 3863198 (S.D.N.Y. Aug. 10, 2021). As explained therein, after having initially participated to defend against the respective actions, Mr. Kukaj ceased to appear or participate in either proceeding, and Plaintiffs moved for the entry of a default judgment.

9. On December 3, 2021, the Honorable John G. Koeltl entered a judgment for Plaintiffs against Mr. Kukaj and all other defendants, jointly and severally, as follows:

> ORDERED that pursuant to this default judgment, Plaintiffs be awarded the following amounts, as set forth in more detail in the Damages Chart attached to the Report & Recommendation:
>
> | | |
> |---|---|
> | C. Asitimbay | $143,530.22 |
> | M. Asitimbay | $23,586.73 |
> | Julio E. Yunga | $99,248.17 |
> | V. Yunga | $99,211.17 |
> | D. Estrada Cortez | $21,455.42 |
> | V. Gonzalez | $56,762.29 |
> | M. Quizhpilema | $16,608.42 |
> | F. Vega-Loyola | $32,309.14 |
> | S. Calle | $50,965.25 |
> | A. Campos | $219,426.65 |
> | J. Campoverde | $41,732.87 |

| | |
|---|---|
| P. Carpintero | $32,767.41 |
| Y. De Los Santos | $165,156.23 |
| E. Gordillo | $111,977.43 |
| G. Hasangjekaj | $72,718.51 |
| S. Herrera | $180,429.37 |
| P. Katanolli | $143,756.58 |
| C. Supacela | $265,753.38 |
| N. Zhagnay | $226,668.71 |
| E. Macancela | $83,808.39 |
| B. Macancela | $168,949.16; |

ORDERED that attorneys' fees are awarded in the amount of $92,861.67 and costs in the amount of $6,452.82 to Pelton Graham LLC for a total of $99,314.49, and attorneys' fees in the amount of $77,440.00 and costs in the amount of $2,269.53 to The Howley Law Firm PC for a total of $79,709.53…

Default Judgment Order (ECF No. 162), *Campos et al v. BKUK 3 Corp. et al*, No. 1:18 Civ. 04036 (JGK), 2021 WL 5762119 (S.D.N.Y. Dec. 3, 2021).

10. No part of the judgment obtained by Plaintiffs has been satisfied as of the date of this Complaint. That is, Mr. Kukaj and his entities have not paid a single dollar of what they owe.

11. Mr. Kukaj previously owned a residential property located at 36 Locke Drive in the Town of Pittsford, New York (the "Subject Property").

12. According to the popular real estate website, Zillow.com, the Subject Property has an estimated value in the range of $430,000 to $509,000 as of the date of this Complaint.

13. During the pendency of the class and collective action proceedings, but before a judgment had been entered against him, Mr. Kukaj executed a quitclaim deed purporting to transfer his rights, title and interest in the Subject Property to SP Realty

Investments LLC in consideration of $10.00. The deed is dated March 7, 2019 and was recorded with the Monroe County Clerk's Office on or about March 25, 2019.

14. The Certificate of Formation of SP Realty Investments LLC, filed with the New Jersey Department of the Treasury, lists Soranee Penthamrongrat as its authorized representative. Ms. Penthamrongrat is now married to Mr. Kukaj and has apparently changed her name to Soranee Kukaj.

15. On March 4, 2020, SP Realty Investments LLC executed a warranty deed by and through its agent Soranee Kukaj (f/k/a Ms. Penthamrongrat), purporting to transfer all rights, title and interest in the Subject Property to Diamond Global Management LLC. The deed was subsequently recorded with the Monroe County Clerk's Office on or about May 21, 2020, reflecting $249,450 in consideration.

16. Upon information and belief, Diamond Global Management LLC is another entity with close ties to Mr. Kukaj, though the exact nature of the relationship is unclear. The registered agent for Diamond Global Management LLC is an individual named Iseni Abduraman. On or about December 7, 2020, Mr. Abduraman and Mr. Kukaj were named as co-defendants in a criminal conspiracy indictment and charged with various racketeering offenses. *See United States v. Iseni, et al.* (S.D.N.Y. Case No. 1:20-cr-00660). Mr. Iseni was sentenced to 51 months imprisonment.[1] Mr. Kukaj's case remains pending.

17. On September 24, 2021, Mr. Kukaj refinanced the mortgage on the Subject Property by entering into a loan modification agreement with Freedom Mortgage Corporation that consolidated the outstanding balance, interest, and other fees into a

---

[1] https://www.justice.gov/usao-sdny/pr/diamond-enterprise-boss-sentenced-51-months-prison-connection-criminal-acts-including

new loan with a principal amount of $273,672.65, including "new money being advanced in the amount of $26,324.99." The mortgage modification was subsequently recorded with the Monroe County Clerk's Office on or about October 18, 2021. That is, even though Mr. Kukaj purportedly no longer owned the property, he was still able to receive a new mortgage loan, including additional monies, secured by the property.

## COUNT I
### Fraudulent Conveyance
### N.Y. Debt. & Cred. Law § 273-a

18. Plaintiffs allege and reallege all the above paragraphs, as if fully set forth herein.

19. The version of the New York Debtor and Creditor Law that was in effect at the time of the fraudulent transfers alleged herein, provides that:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

N.Y. Debt. & Cred. Law § 273-a.

20. Defendant Besim Kukaj's transfer of the Subject Property to Defendant SP Realty Investments LLC on or about March 7, 2019 was a fraudulent conveyance within the meaning of N.Y. Debt. & Cred. Law § 273-a, without regard to either party's actual intent, because it was made without fair consideration during the pendency of the Plaintiffs' class and collective action proceedings against Kukaj and because Kukaj has failed to satisfy the judgment that was entered against him in those proceedings.

21. Plaintiffs are entitled to an order setting aside the fraudulent transfer to the extent necessary to satisfy their claims and to attach or levy execution upon the property conveyed and the proceeds of any subsequent conveyance(s).

## COUNT II
### Intent to Defraud
### N.Y. Debt. & Cred. Law §§ 276, 276-a

22. Plaintiffs allege and reallege all the above paragraphs, as if fully set forth herein.

23. The version of the New York Debtor and Creditor Law that was in effect at the time of the fraudulent transfers alleged herein further provides that:

> Every conveyance made … with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

N.Y. Debt. & Cred. Law § 276.

24. Although Plaintiffs lack direct evidence of either Defendants' actual intent with respect to the transfer of the Subject Property at this time, courts have routinely held that fraudulent intent may be inferred from facts and circumstances surrounding the transfer, such as in cases where there is a lack or inadequacy of consideration, a close relationship between the parties to the conveyance, questionable timing in connection with the transferor's incurrence of debts or other liabilities, the transferor's retention of possession, benefit or use of the property in question and/or other such factors so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent.

25. Here, the fact that the Subject Property was conveyed by Defendant Besim Kukaj to a corporation registered by his wife for only $10.00 consideration, at a time

when he knew that a judgment would likely be entered against him—and then, to another corporation affiliated with his co-defendant in an alleged criminal conspiracy—provides ample circumstantial evidence from which fraudulent intent can be inferred. The fact that Kukaj retained and refinanced a mortgage on the Subject Property thereafter suggests that he retained an interest in the property, in whole or in part, notwithstanding these fraudulent conveyances—and further evinces an intent to defraud.

26. For these reasons, each of the conveyances described herein was fraudulent as to both present and future creditors, and should therefore be set aside, to the extent necessary such that Plaintiffs may attach or levy execution upon the property conveyed and/or the proceeds thereof.

27. Based on the foregoing and pursuant to N.Y. Debt. & Cred. Law § 276-a, Plaintiffs are further entitled to a judgement for reasonable attorneys' fees incurred in this action and any related proceedings as an additional amount required to satisfy their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that a judgment be entered:

(a) directing Defendant SP Realty Investments LLC to pay over the proceeds of the second fraudulent transfer ($249,2450);

(b) in the alternative, if the funds are not immediately paid, authorizing Plaintiffs to attach or levy execution upon the subject Property and/or ordering Defendants SP Realty Investments LLC and Diamond Global Management LLC to return the fraudulently transferred property to

Defendant Besim Kukaj, to the extent necessary such that Plaintiffs may obtain a writ of execution to levy on the Subject Property;

(c) awarding attorneys' fees and costs; and

(d) granting any other such relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: July 14, 2022
    New York, NY

POLLOCK COHEN LLP

By: /s/ *Adam Pollock*
Adam Pollock
111 Broadway, Suite 1804
New York, NY 10006
Adam@PollockCohen.com
Tel: (212) 337-5361