UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM CAMPOS, EDER GORDILLO, PAULINO CARPINTERO, SAMUEL HERRERA, YONI DE LOS SANTOS, SEGUNDO CALLE, JENARO CAMPOVERDE, PELLUMB KATANOLLI, CESAR SUPACELA, NICOLAS ZHAGNAY, CRISTIAN ASITIMBAY, MARIO ASITIMBAY, EDUARDO YUNGA, VLADIMIR YUNGA, DIEGO A. ESTRADA, VICTOR GONZALEZ, MILTON QUIZHPILEMA, FELIPE VEGA-LOYOLA, EDISON MACANCELA, and BRYAN MACANCELA,

    Plaintiffs — Judgment Creditors,

    v.

BESIM KUKAJ, SP REALTY INVESTMENTS LLC, and DIAMOND GLOBAL MANAGEMENT LLC,

    Defendants.

Case No. 22 Civ. 5993 (DLC)

**DECLARATION OF ADAM POLLOCK IN SUPPORT OF JUDGMENT BY DEFAULT**

Related cases:
1:18-cv-04036 (JGK) (KHP)
1:18-cv-07507 (JGK) (KHP)

---

Pursuant to 28 U.S.C. § 1746, Adam Pollock hereby declares as follows:

    1.    I am a member of the Bar of this Court and a partner in the firm of Pollock Cohen LLP, attorneys for Plaintiffs in the above-entitled action. I am familiar with all the facts and circumstances in this action.

    2.    I make this declaration pursuant to Local Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiffs' application for the entry of a default judgment against Defendants.

    3.    This is an ancillary proceeding to enforce an unsatisfied judgment obtained by Plaintiffs against their former employer, Defendant Besim Kukaj, and his various entities, for unpaid wages and other labor violations.

**Jurisdiction, Service, and Default**

4. Jurisdiction of the subject matter of this action is based on this Court's ancillary jurisdiction to enforce a prior judgment pursuant to Fed. R. Civ. P. 69.

5. This action was commenced on July 12, 2022, by the filing of an Ancillary Complaint (CM/ECF No. 1) [*attached hereto as* **Exhibit A**], seeking to enforce a prior judgment of this Court.

6. All Defendants in this action have been properly served, with the corresponding proofs of service having been filed. *See* Affidavits of Service (CM/ECF Nos. 11, 14, 19) [*attached hereto as* **Exhibit B**]. As described therein, Defendant Diamond Global Management LLC was served by delivering true copies of the summons and complaint to the Office of the Secretary of State for the State of New York on July 25, 2022 (CM/ECF No. 11), and Defendant SP Realty Investments LLC was served by delivering a true copy of the summons and complaint to the New Jersey Department of Treasury on September 19, 2022. (CM/ECF No. 14.) Defendant Besim Kukaj was served by delivering a true copy of the summons and complaint to a person of suitable age and discretion at his usual place of dwelling on October 5, 2022, and by mailing a copy of the same via first class mail the next day. (CM/ECF No. 19.)

7. Defendant Besim Kukaj is not a minor. On information and belief, he is neither mentally incompetent nor presently in the military service of the United States. To the contrary, he owns/ed and operates/ed approximately a dozen restaurants at issue in these cases, and still runs at least two restaurants in New York.

8.  Defendants in this action have all failed to answer the Complaint or otherwise appear in this matter. *See* Clerk's Certificates of Default (CM/ECF Nos. 22 and 25) [*attached hereto as* **Exhibit C**].

**The Underlying Litigation**

9.  On May 4, 2018, Plaintiff Abraham Campos and others filed a putative class and collective action complaint for unpaid wages and other violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and New York Labor Law §§ 650 *et seq*. against Defendant Besim Kukaj and various restaurant entities that were under his ownership and control. A second action was subsequently filed by a separate group of Plaintiffs on August 20, 2018, and the two cases were eventually consolidated.

10. A detailed history of all relevant prior proceedings can be found in the Report and Recommendation filed by Magistrate Judge Katharine H. Parker in *Campos et al v. BKUK 3 Corp. et al.*, No. 1:18 Civ. 04036 (JGK) (KHP), 2021 WL 3863198 (S.D.N.Y. Aug. 10, 2021) (CM/ECF No. 156). As explained therein, after having initially participated to defend against the respective actions, Mr. Kukaj ceased to appear or participate in either proceeding, and Plaintiffs moved for the entry of a default judgment.

11. On December 3, 2021, the Honorable John G. Koeltl entered a judgment for Plaintiffs against Mr. Kukaj and all other defendants, jointly and severally. *See* Default Judgment Order, *Campos et al v. BKUK 3 Corp. et al*, No. 1:18 Civ. 04036 (JGK), 2021 WL 5762119 (S.D.N.Y. Dec. 3, 2021) (CM/ECF No. 162).

12. The Default Judgment totals to $2,256,821.50, plus an award of fees and costs in the amount of $179,024.02. To date, only $2,889.34 (i.e., less than three thousand dollars) has been collected on the judgment.

**The Subject Property**

13. On January 18, 2018, Defendant **Besim Kukaj** purchased the property at 36 Locke Drive in the Town of Pittsford, New York (the "Subject Property"). The filing of the deed records consideration of $319,500. Attached hereto as **Exhibit D** is a true and correct copy of the Deed, as retrieved from the Monroe County Clerk.



*Source:* Redfin[1]

14. On March 7, 2019, Defendant Kukaj transferred the Subject Property to Defendant **SP Realty Investments LLC** ("SP"). The filing of the deed records consideration of $1 (i.e. only one dollar). Attached hereto as **Exhibit E** is a true and correct copy of the Deed, as retrieved from the Monroe County Clerk.

---

[1] https://www.redfin.com/NY/Pittsford/36-Locke-Dr-14534/home/79312438

15. Defendant SP had been formed a few months earlier, on December 20, 2018, by Defendant Kukaj's wife, **Soranee Penthamrongrat** (i.e., her initials are SP). Attached hereto as **Exhibit F** is a true and correct copy of the Certificate of Formation, as obtained from the New Jersey Department of the Treasury.

16. On March 4, 2020, Defendant SP transferred the Subject Property to Defendant **Diamond Global Management LLC** ("Diamond"). The filing of the deed records consideration of $249,450. Attached hereto as **Exhibit G** is a true and correct copy of the Deed, as retrieved from the Monroe County Clerk.

17. The registered agent for Defendant Diamond is an individual named **Iseni Abduraman**. Attached hereto as **Exhibit H** is a true and correct copy of the Articles of Organization, as retrieved from the New York Department of State.

18. Although Defendant Kukaj purportedly conveyed the Subject Property to Defendant SP, and SP purportedly sold it to Defendant Diamond, Kukaj clearly maintained control over the Subject Property because, even after the purported sales, Kukaj refinanced a mortgage on the property in his own name with a principal balance that was substantially more than the purchase price. Notably, the "Loan Modification Agreement" between Kukaj and Freedom Mortgage even expressly noted it "[b]eing the same property as conveyed from SP Realty Investments LLC [Kukaj's wife's company] to Diamond Global Management LLC [Kukaj's co-conspirator's company] as set forth in Deed Instrument #201804020432 dated 03/04/2020, recorded 05/21/2020, Monroe County, NEW YORK." Attached hereto as **Exhibit I** is a true and correct copy of the Loan Modification Agreement, as retrieved from the Monroe County Clerk.

**The Criminal Conspiracy**

19. On or about December 7, 2020, Mr. Abduraman and Mr. Kukaj were named as co-defendants in a criminal conspiracy indictment and charged with various racketeering offenses. *See United States v. Iseni, et al.* (S.D.N.Y. Case No. 1:20-cr-00660).

20. On April 19, 2022, Mr. Iseni was sentenced to 51 months' imprisonment.[2]

21. On November 1, 2022, Mr. Kukaj pleaded guilty. His sentencing is scheduled for March 9, 2023.[3]

**Attorneys' Fees**

22. In researching, filing, and prosecuting this ancillary case, my firm has incurred a total of $30,995 in attorneys' fees and $1,806.77 in expenses.[4] These totals include:

   a) 7 hours of analyst time at $200/hr, totaling to $1,400;

   b) 6.2 hours of associate time at $475/hr, totaling to $2,945;

   c) 17.4 hours of senior associate time at $650/hr, totaling to $11,310;

   d) 3.4 hours of counsel time at $700/hr, totaling to $2,380; and

   e) 16.2 hours of partner time at $800/hr, totaling to $12,960.

---

[2] https://www.justice.gov/usao-sdny/pr/diamond-enterprise-boss-sentenced-51-months-prison-connection-criminal-acts-including

[3] https://www.justice.gov/usao-sdny/pr/restauranteur-pleads-guilty-large-scale-covid-19-pandemic-loan-fraud-and-interstate

[4] The costs of service of process in this action were atypically high due to (a) the difficulty of locating Defendant Kukaj; and (b) the difficulty of meeting the requirements of the NJ Department of Treasury, which required our server to make repeated attempts.

23.     Due to certain circumstances of this case, we will apply separately to the Court to make an *in camera* submission of contemporaneous time records.

**Relief Sought**

24.     Plaintiffs respectfully request that the Court enter a default judgment against all three Defendants, holding them jointly and severally liable for the fraudulent transfers demonstrated above.

25.     In addition, as detailed in the accompanying Memorandum of Law, Plaintiffs respectfully request a money judgment against Defendant SP in the amount of $249,450, as well as judgment against Defendant Diamond allowing Plaintiff to levy execution on the Subject Property to the extent their money judgment against SP remains unpaid 90 days after it is rendered.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 11, 2022

By: /s/ *Adam Pollock*
Adam Pollock