# Exhibit I

MONROE COUNTY CLERK'S OFFICE          THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 2874025

Book   Page   M  29521  0013

Return To:
MORTGAGE CONNECT - LOAN MOD - TX
600 CLUBHOUSE DR
CORAOPOLIS, PA 15108-3195

No. Pages: 9

Instrument: MORTGAGE OTHER

Control #:         202110181326
Ref #:             MDM019606

Date: 10/18/2021

BESIM, KUKAJ

Time: 4:00:08 PM

FREEDOM MORTGAGE CORPORATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS
INC,

| | |
|---|---|
| Recording Fee | $26.00 |
| Pages Fee | $40.00 |
| State Fee Cultural Education | $14.25 |
| State Fee Records Management | $4.75 |
| Trans Authority Mtg Tax | $65.75 |
| Basic Mtg Tax PITTSFORD | $131.50 |
| State Mtg Tax | $65.75 |
| Miscellaneous County Fee | $5.00 |
| Total Fees Paid: | $353.00 |

Employee: ED

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

Consideration: $26,324.99

JAMIE ROMEO

MONROE COUNTY CLERK



AFTER RECORDING MAIL TO:
Mortgage Connect Escrow Inc.
6860 Argonne St, Unit A
Denver, CO 80249

The premises is or will be improved with
a one or two family house or dwelling.

_19086 94_       [Space Above This Line For Recording Data]

Loan No.: 102535150
Investor Loan No.: 4014761612
MERS No.: 100073040001408596                                                       MERS Phone: 1-888-679-6377

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 1st day of September, 2021 between BESIM KUKAJ, whose address is 800 PARK AVENUE APT PH6B, FT LEE, New Jersey 07024 ("Borrower") and Freedom Mortgage Corporation, whose address is 10500 Kincaid Drive, Suite 300, Fishers, Indiana 46037 ("Lender"), and Mortgage Electronic Registration Systems, Inc.("MERS") ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated March 29th, 2018, granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of record (solely as nominee for Lender and Lender's successors and assigns), 1901 Voorhees Street, Suite C, Danville, IL 61834 and recorded on April 2nd, 2018, in Book/Liber N/A, Page N/A, Instrument No. 201804020433, Official Records of MONROE County, New York, upon which mortgage tax in the amount of $2,531.00 was duly paid; and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in said Security Instrument and defined therein as the "Property," located at 36 LOCKE DRIVE, PITTSFORD, New York 14534,

**The original principal balance was $255,600.00. The existing principal balance is $247,347.66. $26,324.99 will be added to the existing principal balance resulting in a new modified loan amount of $273,672.65.
NEW MONEY BEING ADVANCED IN THE AMOUNT OF $26,324.99.**

Original Borrower: BESIM KUKAJ

Original Lender: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC AS NOMINEE FOR FREEDOM MORTGAGE CORPORATION

Section/Block/Lot: 192.08-2-87

NEW YORK LOAN MODIFICATION AGREEMENT                                                                      Page 1 of 7
(FNMA Modified Form 3179 1/01 (rev. 06/18))

Loan No.: 102535150

The Security Instrument, which was entered into as security for the performance of the Note, covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at: 36 LOCKE DRIVE, PITTSFORD, New York 14534,the real property described being set forth as follows: SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that the current outstanding unpaid principal balance payable under the Note and Security Instrument is $247,347.66 ("Existing Principal Balance").
2. Borrower acknowledges that interest has accrued but not paid and Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and Security Instrument, and that such interest, costs and expenses, are in the total amount of $26,324.99 ("Additional Principal Amount").
3. Borrower acknowledges that the Additional Principal Amount has been added to the Existing Principal Balance under the terms of the Note and Security Instrument. As of October 1st, 2021, the amount including such amounts which have been added to the indebtedness (if any), payable under the Note and Security Instrument ("Unpaid Principal Balance") is U.S. $273,672.65.
4. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.125%, from September 1st, 2021. Borrower promises to make monthly payments of principal and interest of U.S. $999.52, beginning on the 1st day of October, 2021, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 3.125% will remain in effect until principal and interest are paid in full. If on September 1st, 2061, ("Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.
5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

Loan No.: 102535150

      6.     Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

      (a)     all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

      (b)     all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

      7.     Borrower understands and agrees that:

      (a)     All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

      (b)     All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

      (c)     Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

      (d)     All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

      (e)     Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

      (f)     Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging **O**.

      (g)     "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Mortgagee of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address of P.O. Box 2026, Flint, MI 48501-2026, and a street address of 1901 E Voorhees Street, Suite C, Danville, IL 61834. The MERS telephone number is (888) 679-MERS.

      8.     If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

Loan No.: 102535150

      9.      Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum ("Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph.

      Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

      Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

      The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

      If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Loan No.: 102535150

    Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

_____       _____(Seal)
Date                                      BESIM KUKAJ                          –Borrower

_____       _____(Seal)
Date                                                                                                         –Borrower

_____       _____(Seal)
Date                                                                                                        –Borrower

_____       _____(Seal)
Date                                                                                                        –Borrower

## BORROWER ACKNOWLEDGMENT

State of New York     §
                                  § ss.:
County of New York   §

    On the 29th day of September in the year 2021 before me, the undersigned, a Notary Public in and for said State, personally appeared BESIM KUKAJ

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s)is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                                                                Signature

                                          Printed/Typed Name: Adam Sherman

                                          60 E. 42nd Street, 47th Floor,
                                          Office                                    NY, NY 10165

                                          My Commission Expires: 7/20/2024

ADAM SHERMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SH6407890
Qualified in New York County
Commission Expires July 20, 2024

ACKNOWLEDGMENT (NEW YORK)                                                                                            Page 5 of 7

Loan No.: 102535150

_____10|4|21_____
　　　　　　　　　　　-Date

Freedom Mortgage Corporation
　　　　　　　　　　　　　　-Lender

By: _Isabella Bey_

Printed/Typed Name: _Isabella Bey_

Its: _Underwriter_


## LENDER ACKNOWLEDGMENT

State of　Indiana　　　§
　　　　　　　　　　　§ ss.:
County of Hamilton　　§

On the __4__ day of __October__ in the year __2021__ before me, the undersigned, personally appeared __Isabella Bey__, __Underwriter__, of Freedom Mortgage Corporation

("Lender"),
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in __Fishers, IN__
*[insert the city or other political subdivision and the state or county or other place the acknowledgment was taken].*

(Seal)

_Siedah Franklin_
Signature of individual taking acknowledgment

Printed/Typed Name: _Siedah Franklin_

Notary Public
Title of office

My Commission Expires: __01-12-2029__

```
SIEDAH FRANKLIN
Notary Public, State of Indiana
Marion County
Commission Number NP0730925
My Commission Expires
January 12, 2029
```

ACKNOWLEDGMENT (NEW YORK)　　　　　　　　　　　　　　　　　　　　　　　Page 6 of 7

Loan No.: 102535150

10/4/21 -Date

Mortgage Electronic Registration Systems, Inc.
as nominee for Lender, its successors and    -MERS
assigns

By: _Isabella Bey_

Printed/Typed Name: Isabella Bey

Its: Assistant Secretary

## MERS ACKNOWLEDGMENT

State of    Indiana      §
                                §    ss.:
County of  Hamilton     §

On the __4__ day of __October__ in the year __2021__ before me, the undersigned, personally appeared __Isabella Bey__, Assistant Secretary of Mortgage Electronic Registration Systems, Inc. as nominee for Lender, it successors and assigns, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in __Fishers, IN__

*[insert the city or other political subdivision and the state or county or other place the acknowledgment was taken].*

(Seal)

SIEDAH FRANKLIN
Notary Public, State of Indiana
Marion County
Commission Number NP0730925
My Commission Expires
January 12, 2029

Signature of individual taking acknowledgment

Printed/Typed Name: Siedah Franklin

Notary Public
Title of office
My Commission Expires: 01·12·2029

ACKNOWLEDGMENT (NEW YORK)                                           Page 7 of 7

# EXHIBIT A

All That Tract Or Parcel Of Land, situate in the Town of Pittsford, County of Monroe and State of New York, being part of Town Lot No. 3, Township 12, Range 5, and more particularly known and described as Lot No. 78 of the Pittsford Knolls Subdivision, section 4, as the same is shown on a map thereof filed in the Monroe County Clerk's Office in Liber 202 of Maps at page 73.

Said Lot No. 78 is of the dimensions as shown on said map thereof filed in the Monroe County Clerk's Office and is situate on the southerly side of Locke Drive.

Being the same property as conveyed from SP Realty Investments LLC to Diamond Global Management LLC as set forth in Deed Instrument #201804020432 dated 03/04/2020, recorded 05/21/2020, Monroe County, NEW YORK.

Tax ID: For information only: 192.08-2-87